**SCURA, WIGFIELD HEYER,**
**STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Jamal J. Romero
jromero@scura.com
*Counsel for Debtor*

Order Filed on May 11, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

*In re:*

MICHAEL RUPPE,

                Debtor.

Case No.: 20-10544

Chapter 11

Hon. Judge: John K. Sherwood

Hearing Date: May 25, 2021 @ 10:00 am

*Oral Argument Not Requested*

**ORDER AUTHORIZING AND APPROVING (I) THE SALE OF REAL PROPERTY "AS IS, WHERE IS"; (II) PAYMENT OF PROFESSIONAL FEES FROM SALE PROCEEDS; (III) WAIVING THE FOURTEEN-DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (IV) GRANTING OTHER AND RELATED RELIEF**

The relief set forth on the following pages, numbered two through seven, is hereby **ORDERED**.

**DATED: May 11, 2021**

Honorable John K. Sherwood
United States Bankruptcy Court

(Page 2)

| | |
|---|---|
| Debtor: | Michael Ruppe |
| Case No.: | 20-10544 (JKS) |
| Caption of Order: | Order Authorizing and Approving (i) the Sale Of Real Property "As Is, Where Is"; (ii) Payment of Professional Fees From Sale Proceeds; (iii) Waiving the Fourteen-Day Stay Pursuant to Fed. R. Bankr. P. 6004(H); and (iv) Granting Other and Related Relief |

**THIS MATTER** being brought before the Court by Michael Ruppe, (the "Debtor"), by way of the motion for entry of an order authorizing the sale of real property located at 82-84 Pequannock Street, Dover, New Jersey (the "Property"); authorizing compensation to retained professionals for approved fees and costs from sale proceeds; and waiving the fourteen-day stay; (the "Sale/Motion"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O) and (iii) notice of the Motion and proposed form of order was served on those parties required to receive notice pursuant to Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the District of New Jersey Local Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

**THE COURT HEREBY FINDS AND DETERMINES THAT**:

A. The Court has jurisdiction over the Motion for Sale pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). This Court retained jurisdiction to implement the provisions of the First Modified Chapter 11 Plan of Liquidation in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. Venue of the Motion for Sale is proper pursuant to 27 U.S.C. §§ 1408 and 1409.

B. Approval of the Sale is in the best interest of the Debtor, the Debtor's creditors, and the Debtor's Bankruptcy Estate.

C. The Debtor has articulated sound business reasons for consummating the Sale of the Property and it is a reasonable exercise of the Debtor's business judgment to consummate the Sale at this time.

| | |
|---|---|
| Debtor: | Michael Ruppe |
| Case No.: | 20-10544 (JKS) |
| Caption of Order: | Order Authorizing and Approving (i) the Sale Of Real Property "As Is, Where Is"; (ii) Payment of Professional Fees From Sale Proceeds; (iii) Waiving the Fourteen-Day Stay Pursuant to Fed. R. Bankr. P. 6004(H); and (iv) Granting Other and Related Relief |

D. The Debtor has entered into a contract to sell the Property to Wander Feliz (the "Purchaser"), as is, where is, and in accordance with, and to the extent permitted by, Bankruptcy Code sections 363(b), (m), and 544(a)(3).

E. The final purchase price to be paid by Purchaser pursuant to the Purchase Agreement is fair consideration and constitutes reasonably equivalent value for the Property.

F. The Purchaser is a purchaser in good faith, as that term is used in Bankruptcy Code section 363(m), with respect to the Sale. The Sale was negotiated, proposed and entered into by the parties in good faith, from arms-length bargaining positions and without collusion, and therefore, Purchaser is entitled to the protections of Bankruptcy Code section 363(m) with respect to the Sale. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the Sale to be voided, nor that would justify the imposition of costs or damages, under Bankruptcy Code section 363(n).

G. Debtor's counsel assisted the Debtor with necessary legal services to obtain the orders permitting the sales and effectuating the closing of valuable assets which have been a direct benefit to the estate and secured creditors encumbering the Property.

H. As evidenced by the certificate of service filed with the Court, (i) proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with Bankruptcy Code sections 363 and Bankruptcy Rules 2002, 6004, 9007, and 9014; (ii) such notice was good, sufficient and appropriate under the circumstances; and (iii) no other or further notice of the Motion or the entry of this Order shall be required.

(Page 4)

| | |
|---|---|
| Debtor: | Michael Ruppe |
| Case No.: | 20-10544 (JKS) |
| Caption of Order: | Order Authorizing and Approving (i) the Sale Of Real Property "As Is, Where Is"; (ii) Payment of Professional Fees From Sale Proceeds; (iii) Waiving the Fourteen-Day Stay Pursuant to Fed. R. Bankr. P. 6004(H); and (iv) Granting Other and Related Relief |

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. All of the findings of fact and conclusions of law set forth above are incorporated herein by reference, and the Motion is granted.

2. The Sale and all ancillary documents and transactions contemplated therein, including the transfer of the Property by Debtor to Purchaser, are approved and authorized under the Bankruptcy Code, including sections 105 and 363 thereof.

3. The transfer of the Property by Debtor to Purchaser upon closing will be a valid, legal, and effective transfer of the Property notwithstanding any requirement for approval or consent by any entity (as defined in section 101(15) of the Bankruptcy Code).

4. The consideration to be provided by the Purchaser in exchange for the Property is hereby deemed to constitute reasonably equivalent value and fair consideration.

5. Pursuant to Bankruptcy Code sections 1142 and 105(a), the Debtor is hereby authorized to sell and transfer the Property pursuant to and in accordance with the terms and conditions of the Purchase Agreement between the Debtor and Purchaser and to take all other actions as are necessary to effectuate all of the terms thereof and to consummate the transactions contemplated therein, including, without limitation, such actions as are necessary to execute and deliver all documents referenced in and/or contemplated in connection with the Sale without any further authorization of the Court.

6. Customary closing adjustments payable by the Debtor for municipal charges or assessments shall be satisfied from the proceeds of the sale at closing.

7. The Motion included a request to pay Realtor from the sale proceeds. Pursuant to D.N.J. LBR 6004-5, Realtor, is a retained professional who qualified potential buyers, and assisted with the

(Page 5)

| | |
|---|---|
| Debtor: | Michael Ruppe |
| Case No.: | 20-10544 (JKS) |
| Caption of Order: | Order Authorizing and Approving (i) the Sale Of Real Property "As Is, Where Is"; (ii) Payment of Professional Fees From Sale Proceeds; (iii) Waiving the Fourteen-Day Stay Pursuant to Fed. R. Bankr. P. 6004(H); and (iv) Granting Other and Related Relief |

Sale negotiations. Pursuant to D.N.J. LBR 6004-5, the Debtor shall pay Realtor six percent of the sale proceeds from Sale of the Property, without a separate application for compensation.

8. Debtor's Counsel shall reserve its rights pursuant to Section 506(c) of the Bankruptcy Code to seek compensation for preserving and dispossessing the Property. Any request for compensation pursuant to Section 506(c) of the Bankruptcy Code shall be made by further motion to the Bankruptcy Court.

9. The allowed secured claim held by Community Loan Servicing, LLC ("Community") shall be paid at closing in accordance with the written payoff. (*see*, Proof of Claim No. 15 in Claims Registry). In addition, property taxes, and municipal charges encumbering the Property shall be paid at closing. Thereafter title to the Property shall pass to Purchaser pursuant to, and to the fullest extent permitted by, Bankruptcy Code section 363 and all other applicable laws, free and clear of any and all liens, claims, interest and encumbrances of the Debtor, including, any lien, replacement lien, claim, interest or charge granted to the any party under any Order entered in this case; and mechanics', materialmen's and other consensual and non-consensual liens and statutory liens, security interests, encumbrances and claims (including, but not limited to, any "claim" as defined in Bankruptcy Code section 101(5)), reclamation claims, malpractice claims, tort claims, any liability or obligations under COBRA, mortgages, deeds of trust, pledges, covenants, restrictions, hypothecations, charges, indentures, loan agreements, causes of action, instruments, contracts, leases, licenses, options, rights of first refusal, offsets, recoupment, rights of recovery, judgments, orders and decrees of any court or foreign or domestic government entity, claims for reimbursement, contribution, indemnity or exoneration, assignment, preferences, debts, charges, suits, rights of recovery, interests, products liability, alter-ego, environmental,

(Page 6)

| | |
|---|---|
| Debtor: | Michael Ruppe |
| Case No.: | 20-10544 (JKS) |
| Caption of Order: | Order Authorizing and Approving (i) the Sale Of Real Property "As Is, Where Is"; (ii) Payment of Professional Fees From Sale Proceeds; (iii) Waiving the Fourteen-Day Stay Pursuant to Fed. R. Bankr. P. 6004(H); and (iv) Granting Other and Related Relief |

successor liability, tax and other liabilities, causes of action and claims, and in such case whether secured or unsecured, choate or inchoate, filed or unfilled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown, whether arising prior to, on, or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Liens and Claims"), with any Liens and Claims to attach only to the Debtor's interest in the net sale proceeds with the same priority, validity, force, and effect as they existed with respect to the Property before the closing, subject to any and all rights, claims, defenses, and objections of the Debtor and any other party-in-interest.

10. The Sale constitutes legal, valid, and effective transfers and shall vest the Purchaser with all right, title, and interest of the Debtor in and to the Property.

11. All objections to the Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are hereby overruled on the merits and denied.

12. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue of dispute concerning the transfer of the assets free and clear of Liens and Claims.

13. The provisions of this Order shall be self-executing, and neither the Debtor, Purchaser, nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the

| | |
|---|---|
| Debtor: | Michael Ruppe |
| Case No.: | 20-10544 (JKS) |
| Caption of Order: | Order Authorizing and Approving (i) the Sale Of Real Property "As Is, Where Is"; (ii) Payment of Professional Fees From Sale Proceeds; (iii) Waiving the Fourteen-Day Stay Pursuant to Fed. R. Bankr. P. 6004(H); and (iv) Granting Other and Related Relief |

provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Sale.

14. Net Proceeds from the sale of the Property will be disbursed in accordance with the Plan.

15. Notwithstanding Bankruptcy Rules 6004(h) this Order shall not be stayed for fourteen days after the entry hereof but shall be effective and enforceable upon entry hereof.

16. A true copy of this Order shall be served on all parties who received notice of the Motion, within seven days from the entry of this order.

United States Bankruptcy Court

District of New Jersey

In re:  Case No. 20-10544-JKS

Michael F Ruppe  Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0312-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 11, 2021 | Form ID: pdf903 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 13, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Michael F Ruppe, 460 Memorial Blvd., Apt. 8, Bayonne, NJ 07002-6097 |
| aty | + Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, 1599 Hamburg Turnpike, PO Box 2031, Wayne, NJ 07470, 9 07474-2031 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 13, 2021      Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 11, 2021 at the address(es) listed below:**

**Name**      **Email Address**

Alex Ryan Hess
     on behalf of Creditor Pierce Building Assoc  LP ahess@arhlawgroup.com

David L. Stevens
     on behalf of Debtor Michael F Ruppe dstevens@scura.com
     ecfbkfilings@scuramealey.com;mduran@scura.com;vmajano@scura.com;vmajano@scura.com;rshah@scura.com;stevens.davidl.r93878@notify.bestcase.com;apasku@scura.com;jromero@scura.com

David L. Stevens
     on behalf of Accountant Kotulak & Company  P.C. dstevens@scura.com,
     ecfbkfilings@scuramealey.com;mduran@scura.com;vmajano@scura.com;vmajano@scura.com;rshah@scura.com;stevens.davidl.r93878@notify.bestcase.com;apasku@scura.com;jromero@scura.com

Denise E. Carlon
     on behalf of Creditor SPECIALIZED LOAN SERVICING LLC dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com

Elizabeth L. Wassall

Case 20-10544-JKS    Doc 251    Filed 05/13/21    Entered 05/14/21 00:13:51    Desc
Imaged Certificate of Notice    Page 9 of 9

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 2 of 2 |
| Date Rcvd: May 11, 2021 | Form ID: pdf903 | Total Noticed: 2 |

| | |
|---|---|
| | on behalf of Creditor WELLS FARGO BANK  N.A. ewassall@logs.com, njbankruptcynotifications@logs.com;logsecf@logs.com |
| Elizabeth L. Wassall | |
| | on behalf of Creditor Wells Fargo Bank  N.A. ewassall@logs.com, njbankruptcynotifications@logs.com;logsecf@logs.com |
| Fran B. Steele | |
| | on behalf of U.S. Trustee U.S. Trustee Fran.B.Steele@usdoj.gov |
| Jamal J Romero | |
| | on behalf of Debtor Michael F Ruppe jromero@scura.com dstevens@scura.com;ecfbkfilings@scuramealey.com;mduran@scura.com;vmajano@scura.com;rshah@scura.com;apasku@scura.com;romero.jamalr93878@notify.bestcase.com |
| Jill Manzo | |
| | on behalf of Creditor BAYVIEW LOAN SERVICING  LLC bankruptcy@fskslaw.com |
| Jill Manzo | |
| | on behalf of Creditor Community Lending Services  LLC f/k/a Bayview Loan Servicing, LLC bankruptcy@fskslaw.com |
| Kathleen M Magoon | |
| | on behalf of Creditor WELLS FARGO BANK  N.A. kmagoon@logs.com, kathleenmagoon@gmail.com |
| Laura M. Egerman | |
| | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper bkyecf@rasflaw.com bkyecf@rasflaw.com;legerman@rasnj.com |
| R. A. Lebron | |
| | on behalf of Creditor Community Lending Services  LLC f/k/a Bayview Loan Servicing, LLC bankruptcy@fskslaw.com |
| Rebecca K. McDowell | |
| | on behalf of Creditor Customers Bank rmcdowell@slgcollect.com |
| Roman B. Hirniak | |
| | on behalf of Interested Party Kevin Lewthwaite rbh@kmhmlawfirm.com |
| Roman B. Hirniak | |
| | on behalf of Interested Party Borough of Wharton Zoning and Housing Department rbh@kmhmlawfirm.com |
| Roman B. Hirniak | |
| | on behalf of Creditor Borough of Wharton rbh@kmhmlawfirm.com |
| Roman B. Hirniak | |
| | on behalf of Interested Party Pedro Moreno rbh@kmhmlawfirm.com |
| U.S. Trustee | |
| | USTPRegion03.NE.ECF@usdoj.gov |
| William M. E. Powers, III | |
| | on behalf of Creditor Wells Fargo Bank  N.A. ecf@powerskirn.com |
| William M.E. Powers | |
| | on behalf of Creditor Wells Fargo Bank  N.A. ecf@powerskirn.com |
| William M.E. Powers | |
| | on behalf of Creditor Towd Point Mortgage Trust 2015-6  by U.S. Bank National Association as Indenture Trustee ecf@powerskirn.com |
| William M.E. Powers, III | |
| | on behalf of Creditor Towd Point Mortgage Trust 2015-6  by U.S. Bank National Association as Indenture Trustee ecf@powerskirn.com |
| William M.E. Powers, III | |
| | on behalf of Creditor Wells Fargo Bank  N.A. ecf@powerskirn.com |

TOTAL: 24